United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 11, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-20720
_____

DWAYNE PREJEAN,

Plaintiff - Appellant,

versus

CYPRESS-FAIRBANKS INDEPENDENT SCHOOL DISTRICT,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas, Houston Division
District Court Cause No. H-02-CV-1524

_____

Before JOLLY, JONES and PRADO, Circuit Judges.[1]

PRADO, Circuit Judge.

This appeal arises from a lawsuit in which appellant Dwayne Prejean sued his former employer, appellee Cypress-Fairbanks Independent School District (the School District), for violations of the Rehabilitation Act and the Family Medical Leave Act (FMLA). In his complaint, Prejean alleged the School District unlawfully terminated him because of his disability (depression), and failed to accommodate his disability by denying him FMLA leave. The School District moved for summary judgment on both of

_____

[1] Pursuant to 5th Cir. R. 47.5, this Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

1

these claims.  After considering the summary judgment evidence, the district court determined Prejean failed to produce evidence that he is an individual with a disability, that he is otherwise qualified to perform the essential functions of his former job as a buyer, and that the School District discharged him from his job as a buyer solely because of his alleged disability.  Based on these determinations, the district court dismissed Prejean's Rehabilitation Act claim.  The district court also determined Prejean failed to present any evidence from which a reasonable trier of fact could conclude that Prejean notified the School District he needed to take additional FMLA leave or that the School District wrongfully denied his request for additional leave.  Consequently, the district court dismissed Prejean's FMLA claim, and entered summary judgment in favor of the School District.  Prejean challenges the summary judgment in this appeal.

## Standard of Review

This Court reviews a district court's summary judgment decision de novo.  *See Daniels v. City of Arlington, Tex.*, 246 F.3d 500, 502 (5th Cir. 2001).  Consequently, this Court will uphold a summary judgment if there is no genuine issue of material fact.  *See* FED. R. CIV. PROC. 56(c).

**Prejean's Claim Under the Rehabilitation Act**

In its motion, the School District maintained that Prejean could proffer no evidence to satisfy the elements of his claim under the Rehabilitation Act. To establish a prima facie case under the Rehabilitation Act, a plaintiff must show: (1) he is an individual with a disability, (2) he was otherwise qualified to perform the duties of his position, (3) he worked for a program or activity that received federal financial assistance, and (4) he suffered an adverse employment action solely because of his disability.[2] The School District challenged the first, second and fourth elements. After reviewing the evidence in this case, this Court agrees.

<u>Whether Prejean is an individual with a disability</u>. Although Prejean presented evidence that indicates he suffers from depression, he did not present evidence that raised a genuine issue of material fact about whether he is an individual with a disability. Prejean attested in an affidavit that at times his depression prevented him from doing simple tasks like mowing the grass or working on his car, and that his depression made it difficult to attend work, but he failed to present evidence that raised a question about whether his depression limits his ability to perform a major life activity. To show

---

[2]*See Chandler v. City of Dallas*, 2 F.3d 1385, 1390 (5th Cir. 1993).

that he is substantially limited with regard to the activity of working, a plaintiff must show that he is

> significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities. The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working.[3]

Prejean attested that his depression required him to take time off from work from his job as a buyer, but did not raise a question of fact about whether his depression rendered him unable to work in a broad class of jobs. Prejean also failed to present evidence that indicated his ability to perform manual tasks at home was substantially limited by his depression. As a result, the district court did not err in its determination that Prejean failed to produce evidence that he is an individual with a disability.[4]

---

[3]29 C.F.R. § 1630.2(j)(3)(i).

[4]After being placed on a deficiency plan, Prejean informed his supervisor he was being treated for depression and that "when [my] medication has been balanced, I will be able to perform my duties in compliance with the expectations of the district." Prejean relies on *Kimbro v. Atlantic Richfield Company*, 889 F.2d 869 (9th Cir. 1989), to suggest the School District was obliged to accommodate him while his medications were balanced. Plaintiff Kimbro, however, presented evidence that his migraine headaches constituted a handicap under Washington law. To the extent Prejean complains the School District failed to accommodate his depression, the claim fails because he did not present evidence that raised a question about whether he is disabled.

<u>Whether Prejean was otherwise qualified to perform the duties of his position</u>.  "The term 'qualified individual with a disability' means an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires."[5]  To determine whether an individual is otherwise qualified for a given job, a court must first determine whether the individual can perform the essential functions of the job, and then determine whether any reasonable accommodation by the employer would enable that person to perform those functions.[6]  In this case, the School District complained that Prejean did not, or was  unable, to attend work and therefore was not otherwise qualified to perform the duties of his position as a buyer.

An essential element of most jobs is an ability to appear for work and to complete assigned tasks within a reasonable period of time.[7]  Here, Prejean maintains he could have returned to work as a buyer if the School District had granted him additional leave.  The summary judgment evidence, however, indicates Prejean did not ask for additional leave until he was terminated.  But even if a belated request for additional leave

---

[5]42 U.S.C. § 12111(8).

[6]See Chandler, 2 F.3d at 1393-94.

[7]*See Rogers v. Int'l Marine Terminals, Inc.*, 87 F.3d 755, 759 (5th Cir. 1996).

5

constituted a request for a reasonable accommodation, Prejean's assertion that he could have returned to work had he been given additional leave is too conclusory to raise a genuine issue of material fact about whether he was otherwise qualified for his job as a buyer. As a result, the district court did not err in its determination that Prejean failed to produce evidence that he is otherwise qualified for the essential functions of his former job as a buyer.

<u>Whether Prejean was terminated solely because of his disability</u>. To constitute a violation under the Rehabilitation Act, an employee's disability must play a role in the employer's decision making process and have a determinative influence on the outcome.[8] Although Prejean maintains the School District terminated him because of his disabling depression, he failed to present any evidence that suggests the School District terminated him for any reason other than Prejean's declining job performance. Prejean contends his depression caused his poor performance, but he presented no evidence to support that assertion other than his own conclusory opinion. Notably, neither of the notes written by Prejean's doctors suggest that depression caused Prejean's performance problems. As a result, the district court did not err in determining Prejean presented no evidence that raised a question of fact about whether he was

---

[8]*See Soledad v. U.S. Dept. of Treasury*, 304 F.3d 500, 504 (5th Cir. 2002).

6

terminated solely because of his alleged disability.

Because Prejean failed to present summary judgment evidence that raised a question of fact about whether he is disabled, whether he is otherwise qualified to perform the duties of his job as a buyer, and whether he was terminated solely because of his alleged disability, the School District was entitled to summary judgment on Prejean's claim under the Rehabilitation Act. Consequently, the district court did not err by granting the School District's motion for summary judgment on this claim.

## Prejean's FMLA Claim

In its motion for summary judgment, the School District maintained it was entitled to summary judgment on Prejean's FMLA claim because Prejean took FMLA leave when he requested it, and because Prejean failed to give adequate notice of the need to take additional leave before he was terminated. The FMLA allows eligible employees working for covered employers to take temporary leave for medical reasons without the risk of losing employment.[9] Prejean maintains the School District improperly denied his request for additional leave because he maintains the School District knew that he returned to work with a partial release-that is, that he might need additional time off from work to balance his medications. The record, however, does not

---

[9]*See* 29 U.S.C. § 2601(b)(1) & (2); *see also Hunt v. Rapides Healthcare Sys., L.L.C.*, 277 F.3d 757, 763 (5th Cir. 2001).

support this claim.  Instead, the summary judgment evidence indicates although the School District granted Prejean's request for FMLA leave and approved leave from February 25 to June 30, Prejean returned to work on March 20 with a note from his doctor. The note read that "Prejean should be able to return to work without restrictions on 3-20-00."  The note did not indicate Prejean might need additional time off to balance his medication or that Prejean was only partially released for work.

The School District terminated Prejean on April 28 after he failed to complete items on his deficiency plan.  To the extent he requested the balance of his earlier-approved FMLA leave, Prejean waited until after he was terminated to ask for more leave.  The FMLA, however, requires an employee to provide his employer written notice at least 30 days before the leave or, if the leave is not foreseeable, as soon as practicable.  Because operation of the deficiency plan had not been suspended, Prejean's notice was not as soon as practicable because he was released to work without restrictions, and he knew that he was not meeting the requirements of the deficiency plan.  To have given notice as soon as practicable, Prejean should have requested leave as soon as he was unable to adequately meet the requirements of his deficiency plan.  Because Prejean failed to give the School District adequate notice of a request for FMLA lease, the School District was entitled to summary judgment on Prejean's FMLA claim.  Consequently, the district court did not

err by granting the School District's motion for summary judgment on this claim.

## Conclusion

Prejean failed to present summary judgment evidence that raised a question of fact about the elements of his claim under the Rehabilitation Act. As a result, the district court did not err by granting summary judgment on that claim. Prejean also failed to present summary judgment evidence that raised a question of fact about whether he gave the School District notice of a request to take additional FMLA leave. As a result, the district court did not err by granting summary judgment on that claim. Because the district court properly granted the School District's motion, this Court AFFIRMS the district court's judgment.

AFFIRMED.